IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VISION BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 10-0480-WS-M |
| | ) | |
| R&B CONSTRUCTION OF SOUTH | ) | |
| ALABAMA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion for service by publication. (Doc. 24). The plaintiff seeks leave to serve the individual defendants in this manner.

As noted in previous orders, the complaint was filed on September 1, 2010. On February 4, 2010, the Court ordered the plaintiff to show cause why the action as to the individual defendants should not be dismissed pursuant to Rule 4(m). (Doc. 15). Under Rule 4(m), a plaintiff's failure to perfect service on a defendant within 120 days after filing the complaint exposes the complaint as to that defendant to dismissal without prejudice. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

In response to the Court's show-cause order, the plaintiff did not attempt to show good cause for its failure to serve these defendants. Nor did it provide reasons it should nevertheless be permitted additional time to serve them. Dismissal at that time thus would have been appropriate. The Court, however, allowed the plaintiff until April 1, 2011 in which to file proof of service. (Doc. 19).

On the deadline for service, the plaintiff sought an additional three weeks, until April 22, 2011, in which to serve the individual defendants. (Doc. 22). The Court granted the motion but warned the plaintiff not to expect additional extensions. (Doc. 23). The instant motion was filed on the April 22 deadline for perfecting service.

Assuming without deciding that the plaintiff has made an adequate showing to support service by publication, its request comes too late. The 120-day period for service allowed by Rule 4(m) expired on or about December 30, 2010. The plaintiff was entitled to additional time only on a showing of good cause, which it did not attempt to provide. The Court twice exercised its discretion to allow additional time despite the absence of good cause, but that time has now expired.

The plaintiff asserts that the efforts to perfect service it has made since late February establish good cause under Rule 4(m) and require another extension of time. The problem is that these efforts did not begin until long after Rule 4(m)'s 120-day period expired, and the plaintiff cites no authority for the proposition that it can resurrect the good cause standard once it has expired merely by tardily engaging in serious service efforts. The whole point of Rule 4(m) is to ensure that those efforts are made promptly at the outset of the litigation, not many months later. The Court is not obligated by Rule 4(m) to provide the plaintiff yet another extension of time to perfect service.

In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. None of these factors is present here. The plaintiff seeks service by publication because

the individual defendants "cannot, after due diligence, be found within the state," not because they are evading service. (Doc. 24 at 2). The defendants are not concealing defects in service, since no service has been had. The suit is for breach of guaranty, where the breach could not have occurred before November 30, 2006, when the guaranties were executed, (Doc. 1, Exhibit B), so the statute of limitations could not have expired.[1]

It has now been over eight months since the complaint was filed. The Court concludes that no additional opportunities for service are warranted. Accordingly, the motion for service by publication is **denied**. Defendants Brandon Robertson and Rollin Rockett, IV are **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 6th day of May, 2011.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The guaranties were executed in Georgia, which carries a six-year limitations period for breach of a guaranty agreement. *E.g., Griffin v. Georgia-Pacific Corp.*, 341 S.E.2d 499, 501 (Ga. App. 1986).